### HENRY GOURDIER *v.* JOHN AND GEORGE CORMACK.

Where a contractor has undertaken the performance of a specific work, in such wise, that the owner has no control or authority over the mode or manner of its performance, having only a right to insist, according to the terms of his contract, that the work be done; the owner is not responsible for the contractor's negligence in the manner of its performance; and this rule is applicable to real as well as to personal property.

If the work contracted to be done is such, that its performance must necessarily be injurious to others; *it seems*, that a different rule must prevail.

The cases of *Blake* v. *Ferris*, (1 Selden, 48,) and *Pack* v. *The Mayor, &c.*, (4 Id. 222,) cited, and applied to this case.

The mere fact that the owner, before the work commences, gives written notice, in his own name, of his intention to perform it, and is present, from time to time, during its progress, will not change the rule of liability, where the undertaking of the contractor is as above stated, and the owner has no control over the *manner* in which the work is to be performed.

THIS was a new suit, commenced after the affirmance, by this court, of a judgment rendered by the justice of the first district in favor of the defendants, in an action between the same parties. The decision in that case is reported, *ante*, p. 200. The present suit was commenced in the same district court, for the same cause of action.

The facts certified in the return were identical with those stated in the report of the former case, above referred to, except, that in the *present* case, it appeared distinctly that the blasting, of which the plaintiff complained, was performed for the defendants by a contractor, under an agreement, whereby the work, with the manner of its performance, had been wholly assumed by him.

In this cause, the *plaintiff* had judgment, from which the *defendants* appealed.

*Anthony R. Dyett*, for the defendants.

*C. W. Vanvoorhis*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—Whatever view I might entertain if the question were an open one, I am not able satisfactorily to distinguish this case from the cases of *Blake* v. *Ferris*, 1 Selden, 48, and *Pack* v. *The Mayor, &c.*, not yet reported, (a) so as to say that the defendants are responsible to the plaintiff in this action for the injury complained of. The argument that persons desiring to cause rocks to be blasted, or other work to be done, which requires very great care to avoid injury to adjacent property, will hereafter contract with others, (solvent or insolvent, as the case may be,) and so avoid liability, may be the result of the rule which will lead to abuse, and sometimes operate harshly; but on the other hand it would often be harsh to make an owner liable for the negligence of others, over whose care or negligence, in the manner of performing their contracts, he has no control. Be

(a) Since reported in 4th Selden, 222.

this as it may, the argument cannot avail where the law is settled.

In the case of *Blake* v. *Ferris*, it was decided that the parties who primarily undertook to cause the improvement to be made, were not responsible for the negligence of the workmen employed by a sub-contractor, who had agreed with their contractor for the work. And in *Pack* v. *The Mayor*, it was held that the corporation of this city were not responsible for the negligence of the contractor's workmen.

At first view I was inclined to say, that as Brady, the immediate contractor with these defendants, testified that *he did the blasting* complained of, he might be regarded as the immediate servant or agent of these defendants, and so, that the principle of *respondeat superior* applies. But on a more careful examination of the opinion of the court, in *Blake* v. *Ferris*, I conclude that the Court of Appeals adopt the rule as applicable to real as well as personal property, that where the contractor has undertaken the performance of a specific work in such wise that the owner has no control or authority over the mode or manner of its performance, having only a right to insist, according to the terms of his contract, that the work be done, the owner is not responsible for the contractor's negligence in the manner of its performance.

If the work contracted to be done was such that its performance must necessarily be injurious to others, a different rule must, I think, prevail. But that was not the case here. The owner had a perfect right to cause the blasting to be done, and it was only negligence or unskillfulness in the manner of doing it that could properly be complained of.

There was nothing, I think, in the notice given to the plaintiff, or in the presence of the defendants, from time to time, in the progress of the work, inconsistent with this view of the defendants' contract. In *Pack* v. *The Mayor, &c.*, the supervision of the work by the street commissioner, confessedly the defendants' officer, was not held to make the defendants liable.

What was said on the former appeal, on the subject of its

appearing by the *notice* that these defendants were *actors* in the matter, was said in the absence of the *contract* under which the work was done, or any other evidence deemed sufficient to show that had not full control over the *manner* in which the work was done.

I think the judgment must be reversed.

Judgment reversed.